UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURENCE M. BALL,<br>    211 St. Dunstans Road<br>    Baltimore, MD 21212<br><br>            Plaintiff,<br><br>    v.<br><br>BOARD OF GOVERNORS OF<br>THE FEDERAL RESERVE<br>SYSTEM<br>    20th Street and Constitution<br>    Avenue NW<br>    Washington, DC 20551<br><br>            Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Board of Governors of the Federal Reserve System ("Federal Reserve Board") to produce records responsive to a FOIA request for certain records related to the Federal Reserve Board's extension of emergency credit to The Bear Stearns Companies, Inc. ("Bear Stearns") and American International Group ("AIG") during the financial crisis in 2008. The Federal Reserve Board has improperly withheld these records in their entirety.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.      Plaintiff Laurence M. Ball is a Professor of Economics at Johns Hopkins University. He also serves as a Research Associate at the National Bureau of Economic Research. Professor Ball researches unemployment, inflation, and fiscal and monetary policy. He is the author of *Money, Banking, and Financial Markets*. Currently, Professor Ball is researching the decision by the Federal Reserve Board, in conjunction with the United States Department of the Treasury, not to rescue Lehman Brothers from financial collapse in September 2008 and the ramifications of that decision in exacerbating the financial crisis and causing a subsequent recession.

4.      Defendant Federal Reserve Board is an agency of the federal government of the United States and has possession of and control over the records Plaintiff seeks.

**STATEMENT OF FACTS**

<u>The Federal Reserve Board's Role in the Rescues of Bear Stearns and AIG</u>

5.      On or about March 13, 2008, Bear Stearns, then one of the largest investment banking and securities trading firms in the country, informed the Federal Reserve Board that it believed that it lacked sufficient liquidity to meet its financial obligations the next day and that it was unable to obtain financing from the private sector. *See* Bear Stearns, JPMorgan Chase, and Maiden Lane LLC, *available at* http://www.federalreserve.gov/newsevents/reform_bearstearns.htm.

6.      On or about March 14, 2008, the Federal Reserve Board authorized the Federal Reserve Bank of New York ("FRBNY") to extend a bridge loan to Bear Stearns through JPMorgan Chase Bank, N.A. ("JPMorgan"). This loan was in the amount of approximately $12.9 billion and was secured by Bear Stearns's assets with a value of approximately $13.8 billion. *Id.*

7.	Despite receiving the bridge loan, Bear Stearns's financial condition continued to worsen to the point where it faced imminent bankruptcy. On or about March 16, 2008, Bear Stearns accepted an offer to merge with JPMorgan to avoid bankruptcy. *Id.*

8.	Because JPMorgan was concerned about its ability to absorb anticipated losses stemming from Bear Stearns's mortgage securities holdings, FRBNY established Maiden Lane LLC to acquire certain of Bear Stearns's troubled assets. Maiden Lane LLC purchased approximately $30 billion worth of assets from Bear Stearns. The purchase was financed with a loan, in the approximate amount of $29 billion, from FRBNY that was authorized by the Federal Reserve Board and a loan, in the approximate amount of $1 billion, from JPMorgan. *Id.*

9.	In or around September 2008, AIG, a large financial services company, faced severe liquidity problems that left it vulnerable to defaulting on its financial obligations. *See* American International Group (AIG), Maiden Lane II and III, *available at* http://www.federalreserve.gov/newsevents/reform_aig.htm.

10.	On or about September 16, 2008, the Federal Reserve Board authorized the FRBNY to extend a loan of up to $85 billion with a 2-year term to AIG through a revolving credit facility. The loan was secured by certain assets of AIG and its non-regulated subsidiaries and AIG's equity interest in its regulated subsidiaries. *Id.*

11.	The Federal Reserve Board invoked Section 13(3) of the Federal Reserve Act of 1913, 12 U.S.C. § 343, as the basis for its authorization to FRBNY to extend the bridge loan to Bear Stearns, the loan to Maiden Lane LLC, and the loan to AIG. *See* Bear Stearns, JPMorgan Chase, and Maiden Lane LLC, *available at* http://www.federalreserve.gov/newsevents/reform_bearstearns.htm; American International

Group (AIG), Maiden Lane II and III, *available at* http://www.federalreserve.gov/newsevents/reform_aig.htm.

12. At the time the Federal Reserve Board authorized these loans, Section 13(3) provided, in relevant part, that in "unusual and exigent circumstances," the Federal Reserve Board may authorize any Federal Reserve bank to extend credit to "any individual, partnership, or corporation" provided that the loan was "secured to the satisfaction of the Federal Reserve bank." 12 U.S.C. § 343(A). Section 13(3) subsequently was amended in part by the Dodd-Frank Act Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 1101(a), 124 Stat. 1376, 2113 (2010).

<u>Plaintiff's FOIA Request for Documents Concerning the Loans to Maiden Lane LLC and AIG</u>

13. On October 10, 2012, Professor Ball submitted an electronic FOIA request through the Federal Reserve Board's website for memoranda written by Scott Alvarez, the Federal Reserve Board's General Counsel, concerning the agency's legal authority under Section 13(3) of the Federal Reserve Act to authorize FRBNY's loans to Maiden Lane LLC and AIG, and a listing and valuation of the specific assets pledged as collateral for each loan.

14. By letter dated December 20, 2012, the Federal Reserve Board stated that it had located records responsive to Professor Ball's request. However, the Federal Reserve Board declined to disclose them, asserting that they were exempt from disclosure. Specifically, the Federal Reserve Board asserted that two documents, totaling 27 pages, that were responsive to Professor Ball's request for memoranda by Scott Alvarez were exempt from disclosure pursuant to FOIA exemptions (b)(4), (b)(5), and (b)(8). The Federal Reserve Board asserted that it was withholding approximately 1.89 megabytes of information in response to Professor Ball's request for a listing and valuation of the specific collateral for each loan pursuant to FOIA

exemption (b)(8). Further, the Federal Reserve Board stated that it determined that there was no reasonably segregated non-exempt information that it could disclose.

15.     By letter dated December 31, 2012, Professor Ball timely appealed the Federal Reserve Board's denial of his FOIA request.

16.     By letter dated January 31, 2013, the Federal Reserve Board granted Professor Ball's appeal in part and denied it in part, but determined that "no new information [would] be released" to Professor Ball. Specifically, the Federal Reserve Board reversed its earlier decision that FOIA exemptions (b)(4) and (b)(8) applied to the memorandum by Scott Alvarez concerning the Federal Reserve Board's statutory authority under Section 13(3) to authorize FRBNY to extend credit to Maiden Lane LLC in connection with JPMorgan's acquisition of Bear Stearns. However, the Federal Reserve Board continued to assert that this memorandum was exempt from disclosure pursuant to FOIA exemption (b)(5). The Federal Reserve Board denied Professor Ball's appeal with respect to the memorandum concerning the Federal Reserve Board's statutory authority to extend credit to AIG and to the records concerning the specific assets pledged as collateral for the loans to Maiden Lane LLC and AIG.

## FIRST CLAIM FOR RELIEF

17.     Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records he requested. No legal basis exists for Defendant's refusal to disclose the records to Plaintiff.

18.     Plaintiff has exhausted his administrative remedies with respect to his request for these records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that Defendant's withholding of the requested records is unlawful;

(2) Order Defendant to make the requested records available to Plaintiff;

(3) Award Plaintiff his costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Award such other relief as this Court deems just and proper.

Dated: April 30, 2013

Respectfully submitted,

 /s/ Adina H. Rosenbaum
Adina H. Rosenbaum
D.C. Bar No. 490928
Jehan A. Patterson
D.C. Bar No. 1012119
(Application for admission to the U.S. District Court for the District of Columbia pending)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiff*